Filed
5/17/2017 3:06:59 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

CAUSE NO. **17-DCV-241874**

| | | |
|---|---|---|
| SOPHAL CLEMONS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | Fort Bend County - 240th Judicial District Court |
| COMPANY OF NORTH CAROLINA, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Sophal Clemons ("Ms. Clemons"), Plaintiff herein, files this Original Petition against Defendant Occidental Fire & Casualty Company of North Carolina ("Occidental") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Sophal Clemons is a Texas resident who resides in Fort Bend County, Texas.

2.    Occidental is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140.

### II.
### DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.





EXHIBIT
**B**

1

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Fort Bend County because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Fort Bend County.

## V.
## FACTUAL BACKGROUND

7.      Ms. Clemons is a named insured under a property insurance policy issued by Occidental.

8.      On or about February 17, 2017 a storm hit the Katy, Texas area, damaging Ms. Clemons's house and other property.  Ms. Clemons subsequently filed a claim on her insurance policy, Policy No. TXH123139200.

9.      Defendant improperly denied and/or underpaid the claim.

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.



2

12.     Moreover, Occidental performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Occidental had a contract of insurance with Plaintiff.   Occidental breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Occidental to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;



3

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated Section 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.     Defendant has violated the Texas DTPA in the following respects:



4

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Occidental failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Occidental, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Occidental took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.



5

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sophal Clemons prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Clemons be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such



other and further relief, general or special, at law or in equity, to which Ms. Clemons may show

herself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:\_\_\_\_/s/ James Willis_____
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
James Willis
TBA No. 24088654
jwillis@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
SOPHAL CLEMONS**



7

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,**
**REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that

Defendant (1) answer the following discovery requests separately and fully in writing under oath

within 30 days of service (or within 50 days of service if the discovery was served prior to the date

an answer is due); (2) produce responsive documents to the undersigned counsel within the same

time period; and (3) serve its answers to these discovery requests within the same time period to

Plaintiff by and through her attorneys of record: Richard D. Daly, John Black, William X. King,

and James Willis, Daly & Black, P.C, 2211 Norfolk St, Suite 800, Houston, Texas 77098.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: ___/s/ James Willis_____
       Richard D. Daly
       TBA No. 00796429
       rdaly@dalyblack.com
       ecfs@dalyblack.com
       James Willis
       TBA No. 24088654
       jwillis@dalyblack.com
       2211 Norfolk St., Suite 800
       Houston, Texas 77098
       713.655.1405—Telephone
       713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**
**SOPHAL CLEMONS**



1

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ James Willis
James Willis



2

## INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1.  Identify the document's title and general subject matter;
2.  State its date;
3.  Identify all persons who participated in its preparation;
4.  Identify the persons for whom it was prepared or to whom it was sent;
5.  State the nature of the privilege claimed; and
6.  State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.  You know the response made was incorrect or incomplete when made; or
2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances



3

## DEFINITIONS

A.   **"Defendant," "You," "Your(s),"** refers to Occidental Fire & Casualty Company of North Carolina, its agents, representatives, employees and any other entity or person acting on its behalf.

B.   **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.   **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.   **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.   **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.   **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.   **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.   **"Lawsuit"** refers to the above styled and captioned case.

I.   **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.   The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,



4

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.      The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.      The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.      The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2. **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4. **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.      The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral



communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.   The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.



## INTERROGATORIES TO DEFENDANT OCCIDENTAL

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

    **ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

      a.     their name and job title(s) as of the Date of Loss;
      b.     their employer; and
      c.     description of their involvement with Plaintiff's Claim.

    **ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a.     the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
      b.     the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

    **ANSWER:**

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

    **ANSWER:**

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

    **ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**



**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    **ANSWER:**

**INTERROGATORY NO. 13:**
Identify the addresses of any and all claims for wind and hail damage adjusted by you with a date of loss between April 11, 2016 through April 13, 2016. This interrogatory is limited to those claims adjusted by you within a half mile radius of the Property.

    **ANSWER:**



**INTERROGATORY NO. 14:**

For any claims adjusted by you and identified in Interrogatory No.13, please describe the outcome of each adjusted claim. Please indicate whether You covered the claim and the amount paid for each claim, if any.

**ANSWER:**



## REQUEST FOR PRODUCTION TO DEFENDANT OCCIDENTAL

### REQUEST FOR PRODUCTION NO. 1

Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2

If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3

Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4

Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5

Produce the complete Claim File including all documents and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6

Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

### RESPONSE:



**REQUEST FOR PRODUCTION NO. 7**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

    **RESPONSE:**



11

**REQUEST FOR PRODUCTION NO. 13**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

    **RESPONSE:**



12

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

**RESPONSE:**



13

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**



14

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of your attorney's[s'] fee bills in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

**RESPONSE:**
**REQUEST FOR ADMISSIONS TO DEFENDANT OCCIDENTAL**



**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**RESPONSE:**



16

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the
Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the
Policy in connection with the Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part
on the basis that third parties were responsible for causing damages to the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole
or in part on the basis that the claimed damages are not covered by the Policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole
or in part on the timeliness of the Claim's submission.

    **RESPONSE:**



17

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

**RESPONSE:**

I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 15 day of June 20 17

ANNIE REBECCA ELLIOTT, DISTRICT CLERK
By Grace Olden Deputy

GRACE G. GARCIA

18

Filed
5/17/2017 3:06:59 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas

## CIVIL CASE INFORMATION SHEET
### Fort Bend County - 240th Judicial District Court

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **17-DCV-241874**     COURT *(FOR CLERK USE ONLY)*: _____

STYLED   SOPHAL CLEMONS VS. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINAVasquez

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>James W. Willis | Email:<br><br>ecfs@dalyblack.com | Plaintiff(s)/Petitioner(s):<br><br>SOPHAL CLEMONS | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br><br>2211 Norfolk St., Ste 800 | Telephone:<br><br>(713) 655-1405 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>Houston, Texas 77098 | Fax:<br><br>(713) 655-1587 | Defendant(s)/Respondent(s):<br><br>OCCIDENTAL FIRE &<br>CASUALTY COMPANY OF | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br>/s/ James W. Willis | State Bar No:<br><br>24088654 | NORTH CAROLINA<br><br>[Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract*<br>☑ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>  Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>  List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | | | |
|---|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☑ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Filed
5/17/2017 3:06:59 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

## ANNIE REBECCA ELLIOTT
## Fort Bend County District Clerk
## 301 Jackson, Richmond, TX 77469

## REQUEST FOR PROCESS
### All sections must be completed for processing this request.

Section 1:
Cause No. __17-DCV-241874__          Date __05/17/2017__

Style:

SOPHAL CLEMONS          Fort Bend County - 240th Judicial District Court

VS

OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA

Section 2:
### Check Process Type:

■ Citation    ☐ Precept to Serve / Notice of Hearing    ☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment  ☐ Citation by Posting

☐ Writ of _____    ☐ Other _____

☐ Citation by Publication* - Newspaper: _____

* (All publications are sent to: **India Herald Inc.** 10701 Corporate Drive, Suite 282 • Sugar Land, Texas 77487)

* (**Unless another newspaper is specified** – FBC Constable will only serve within their jurisdiction.)

### APPLICATION FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SEPARATE FORM

Section 3:
### Title of Document/Pleading to be attached for service: _____

Plaintiff's Original Petition

### Note: You must furnish one copy of the document/pleading for each party served.

Section 4: **PARTIES TO BE SERVED** (Please type or print):

1. Name: Occidental Fire & Casualty Company of North Carolina through its registered agent, CT Corporation System

    Address: 1999 Bryan Street, Suite 900

    City: Dallas                    State: Texas          Zip: 75201-3140

2. Name: _____

    Address: _____

    City: _____    State: _____    Zip: _____

Request Process Form
Revised: 2013/12          2 of 2

3. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

4. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

5. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type:

| | |
|---|---|
| ☐ No Service | ☐ Secretary of State |
| ☐ Sheriff | ☐ Commissioner of Insurance |
| ☐ Constable Pct._____ | ☐ Out of County |
| ☐ Out of State | ☐ Private Process |
| ■ Certified Mail | ☐ Registered Mail  (Out of Country) |

**Section 6 (ONLY if Section 7 does not apply)**

**Attorney Name:** James Willis, DALY & BLACK, P.C._____

Address: 2211 Norfolk Street, Suite 800_____
                                    Street/P.O. Box

Houston                         Texas                          77098
_____  _____  _____
        City                        State                          Zip

Attorney's Telephone No. (713) 655-1405____ Attorney's Bar No. (713) 655-1587

**Section 7 (ONLY if Section 6 does not apply)**

**Pro-Se Name:**_____

Address:_____
                                    Street/P.O. Box

_____  _____  _____
        City                        State                          Zip

Telephone No. _____

**Section 8**

## Check Delivery Type:

☐ Hold for pick up    ☐ Mail to Attorney    ☐ Mail to Pro-Se Party

Request Process Form
Revised: 2013/12                    2 of 2

SERVICE FEE COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:   OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA
      C/O CT CORPORATION SYSTEM
      1999 BRYAN STREET  SUITE 900
      DALLAS TX  75201-3140

NOTICE:

      You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **MAY 17, 2017,** a default judgment may be taken against you.  Said answer may be filed by mailing to the District Clerk's Office at 301 Jackson Street, Richmond, Texas 77469, or by bringing said answer to the physical address at 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

      The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **MAY 17, 2017**. It bears cause number **17-DCV-241874**  and is styled:

**SOPHAL CLEMONS VS. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA**

      The name and address of the attorney for  is:

**JAMES WILLIS
DALY & BLACK PC
2211 NORFOLK ST SUITE 800
HOUSTON TX  77098**
713-655-1405

      The nature of the demands of said **PLAINTIFF OR PETITIONER** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

      If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 18th day of May, 2017.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk KATHERINE CHAMBERS
Telephone: (281) 344-3959

17 – DCV – 241874
ISSU
Issuance
4789180



**ORIGINAL**

17-DCV-241874                                                    240th Judicial District Court
Sophal Clemons vs. Occidental Fire & Casualty Company of North Carolina

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **17th day of May, 2017** at **3:06 pm** o'clock and executed at **REGISTERED AGENT CT CORPORATION SYSTEM  1999 BRYAN STREET  SUITE 900  DALLAS TX  75201-3140,** on the **May 18, 2017**, by delivering to the within named **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2089 9058 51

# FILED

**MAY 18 2017**

AT_____M.

*Annie Rebecca Elliott*
Clerk District Court, Fort Bend Co., TX

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk  Katherine Chambers

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
        (First, Middle, Last)

_____, and my address is _____
                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## ORIGINAL

Citation (By Certified Mail) issued to Occidental Fire & Casualty Company of North Carolina on 5/18/2017.

# WALZ

**WALZ Form No:35663**
**Version: E 09/16**

To reorder forms, *contact us* at:

sales@walzgroup.com

(800) 882-3811

www.walzgroup.com

**WALZ SOLUTIONS:**

17 — DCV — 241874
ISSU
Issuance
4793306



⊕ WALZ CERTIFIED MAILERS : Patented forms and software to automate your in-house process

⊕ WALZ OUTSOURCING SERVICES :
Comprehensive Outsourcing Solutions for compliant type mailings, utilizing Certified Mail® and First-Class Mail® services

⊕ TRACKRIGHT™ :Tracks USPS® Delivery events, images and updated status

⊕ STORERIGHT :Return Receipt and Unclaimed Mail storage and records management system

9414 7266 9904 2089 9058 51

**TO:** OCCIDENTAL FIRE & CASUALTY CO. OF N(
INA
C/O CT CORPORATION SYSTEM
19990 BRYAN STREET SUITE 900
DALLAS, TX 75201 3140

**SENDER:** DC/CV/CITATION/240/KC

**REFERENCE:** 17-DCV-241877

FILED
2017 MAY 22 PH 1

Annie Rebecca Elliott

CLERK DISTRICT COURT
FORT BEND CO. TX

Silvia Guevara

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
| | Certified Fee | 2.23 |
| | Return Receipt Fee | 2.70 |
| | Restricted Delivery | |
| | Total Postage & Fees | 8.13 |

**USPS®**
**Receipt for**
**Certified Mail®**

No Insurance Coverage Provided
Do Not Use for International Mail




POSTMARK OR DATE
69

UNITED STATES POSTAL SERVICE®

DALLAS 750

23 MAY '17

PM 2 L

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●



First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10



17 – DCV – 241874
ISSU
Issuance
4800955

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY DISTRICT CLERK
301 JACKSON
RICHMOND TX  77469-3108



2. Article Number

9414 7266 9904 2089 9058 51

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) | B. Date of Delivery

MAY 2 2 2017

C. Signature

X    Chris Wells

☐ Agent
☐ Address

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type  **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

OCCIDENTAL FIRE & CASUALTY CO. OF NORTH CAROLINA

C/O CT CORPORATION SYSTEM

19990 BRYAN STREET SUITE 900

DALLAS, TX 75201-3140

2017 MAY 25  PM 3: 07

Reference Information

17-DCV-241874

DC/CV/CITATION/240/KC

Silvia Guevara

CLERK DISTRICT COURT
FORT BEND CO. TX

PS Form 3811, January 2005          Domestic Return Receipt

Filed
6/8/2017 2:50:54 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Layla Helton

CAUSE NO. 17-DCV-241874

| | | |
|---|---|---|
| SOPHAL CLEMONS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | 240TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | FORT BEND COUNTY, TEXAS |

## DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-styled and numbered cause, and make and files this, their Original Answer in reply to Plaintiff's Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

 a. that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

 b. that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.



3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

## PLEA IN ABATEMENT

A.    Plaintiff has asserted claims against Defendant pursuant to Chapter 17.50 of the Texas Business & Commerce Code (also referred to as the "DTPA") in Plaintiff's Original Petition. As a prerequisite to filing a suit seeking damages pursuant to the DTPA, a claimant shall give written notice at least sixty (60) days prior to filing suit. A Defendant against whom a suit is pending who does not receive adequate written notice may file a plea in abatement. TEX. BUS. & COM. CODE §17.505(Vernon 1987).

B.    Defendant has not received adequate written notice in compliance with the requirements of the DTPA.

C.    Accordingly, Defendant requests that this Court abate this case as provided by Section 17.505(d) of the Texas Business & Commerce Code.

5.

## PLEA IN ABATEMENT

A.    In Plaintiff's Original Petition, Plaintiff has also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed."



TEX. INS. CODE §541.154 (Vernon Supp 2005).  Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B.      Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.      Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

6.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.



7.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

8.

## Requests for Disclosure

At the time required by law or the Rules, the Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: _____
    Mikell A. West
    State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL
FIRE & CASUALTY COMPANY OF NORTH
CAROLINA



## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 8 day of June, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Richard D. Daly
James Willis
Daly & Black, P.C.
Email:  rdaly@dalyblack.com
           ecfs@dalyblack.com
           jwillis@dalyblack.com

**VIA E-FILING**



Mikell A. West

## VERIFICATION OF ORLANDO RODRIGUEZ

THE STATE          §
                       §
OF NORTH CAROLINA    §

BEFORE ME, the undersigned Notary Public in and for the State of North Carolina, on this day personally appeared Orlando Rodriguez, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Orlando Rodriguez. I am an Authorized Agent for Occidental Fire & Casualty Company of North Carolina, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraphs 4B and 5B of Defendant's Original Answer and they are true and correct."

Further affiant sayeth not.

Orlando Rodriguez, Authorized Agent for Occidental Fire & Casualty Company of North Carolina

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 8TH day of June, 2017, to witness my hand and official seal of office.

Pallam Krishnamoorthi
Notary Public in and for
the State of North Carolina

I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 15 day of June 20 17

ANNIE REBECCA ELLIOTT, DISTRICT CLERK

By Deputy

GRACE G. GARCIA

CLEMONS, SOPHAL/OFCC – D.OA & PIA – OCCIDENTAL– PAGE 6 OF 6

Filed
6/8/2017 2:50:54 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Layla Helton

CAUSE NO. 17-DCV-241874

| | | |
|---|---|---|
| SOPHAL CLEMONS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | 240TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | FORT BEND COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-referenced cause, and demands a trial by jury and hereby deposits its Forty Dollars ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: _____
Mikell A. West
State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE &
CASUALTY COMPANY OF NORTH CAROLINA



## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 8 day of June, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Richard D. Daly
James Willis
Daly & Black, P.C.
Email:  rdaly@dalyblack.com
        ecfs@dalyblack.com
        jwillis@dalyblack.com

**VIA E-FILING**

Mikell A. West

CLEMONS, SOPHAL/OFCC – JD – OCCIDENTAL - PAGE 2 OF 2

I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 15 day of June 20 17

ANNIE REBECCA ELLIOTT, DISTRICT CLERK
By _____ Deputy
GRACE G. GARCIA

**DOCKET**

CAUSE NO. 17-DCV-241874



17-DCV-241874
DOSH
Docket Sheet
4788020

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| 240TH JUDICIAL DISTRICT COURT | SOPHAL CLEMONS VS. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA | JAMES WILLIS | Contract - Consumer/Commercial/Debt | 05/17/2017 | | |
| | | DALY & BLACK PC 2211 NORFOLK ST SUITE 800 HOUSTON TX 77098 | | | | |
| STENOGRAPHER USED? | | | | | | |
| YES | NO | | 713-655-1405 | | | |

JURY FEE $40 - 6-8-17
PAID BY Def Atty - MIKELL WEST

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| | | | |

CAUSE NO. 17-DCV-241874
SOPHAL CLEMONS VS. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

| DATE OF ORDERS | | |
|---|---|---|
| MONTH | DAY | YEAR |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

I, ANNE REBECCA ELLIOTT, District Clerk of Fort Bend
County, Texas, do hereby certify that the foregoing
is a true, correct and full copy of the instrument
herein set out as appears of record in the District
Court of Fort Bend County, Texas.

This 15 day of June, 20 17

ANNE REBECCA ELLIOTT, DISTRICT CLERK

By _____ Deputy

GRACE G. GARCIA